IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SANDRA KIM, Individually, and on Behalf of All Others Similarly Situated, Plaintiff, | § § § § § § § § § § | CIVIL ACTION NO. _____ |
| V. | | |
| UNIVERSITY OF TEXAS MEDICAL BRANCH Defendant. | | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Sandra Kim, on behalf of herself and all others similarly situated and file this her Original Complaint against University of Texas Medical Branch (herein "UTMB" or "Defendant") and in support thereof would show as follows:

## SUMMARY OF SUIT

1. Employers, including Defendant UTMB, are not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a bona fide meal period which primarily benefited the employee.

2. Defendant does not provide bona fide meal periods for its non-exempt nurses who are responsible for direct patient care. Non-exempt nurses who work for Defendant are required to remain responsible for patient care throughout their shift.

3. Prior to May 2016, instead of making non-exempt nurses clock out for their meal periods and then clock back in at the end of a meal period, Defendant assumed nurses were able to find a 30-minute block of time to have an uninterrupted meal period. However, this did not

1

occur. Instead, Defendant automatically deducted 30 minutes from nurses' shifts for this meal period, when in fact, nurses remained on duty during that time. Defendant instituted policies and practices that resulted in nurses being responsible for patient care throughout their meal period.

4. In or around May 2016, Defendant changed its policy to require non-exempt nurses to clock in and out during their meal period. Despite this policy change on paper, Defendant continued to encourage, allow, or turn a blind eye to non-exempt nurses continuing to work through the meal period.

5. Defendant's policies and practices result in nurses being denied earned wages under the Fair Labor Standards Act. Under this policy, non-exempt nurses involved in direct patient care were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods. Defendant continues to require nurses that are responsible for direct patient care to remain on duty and subject to interruptions during meal breaks.

6. Plaintiff Sandra Kim is similarly situated to the following class of employees:

**FLSA Collective Class:**

**Nurses employed at the following University of Texas Medical Branch locations at any time during the period starting three years before this Complaint was filed up to the present, who were either interrupted or were subject to interruptions during their meal breaks: Emergency Room-UTMB Health Galveston Campus, UTMB Jennie Sealy Hospital, UTMB John Sealy Hospital, UTMB Children's Hospital, Emergency Room-UTMB Health League City Campus, UTMB League City Campus Hospital, Emergency Room-UTMB Health Angleton Danbury Campus, UTMB Angleton Danbury Hospital.**

Defendant, and all Texas hospital facilities under Defendant's ownership, management and control, violated the FLSA by knowingly and willfully permitting Plaintiff and Class Members to perform work and/or remain on duty during their meal breaks, subjecting them to interruptions during their meal breaks at all times. Defendant had notice that Plaintiff and Class Members

2

expected to be paid for their work on an hourly basis. Defendant received the value of Plaintiff's and Class Members' work performed during their meal periods without compensating them for their services. Defendant willfully, deliberately, and voluntarily failed to pay Plaintiff and Class Members compensation for work performed.

7. Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Class Members, be paid at one and one-half their regular rate of pay for all hours worked in excess of forty within a single week. *See* 29 U.S.C. § 207(a).

8. Therefore, Plaintiff files this action to recover on behalf of themselves and Class Members all unpaid wages and other damages owed to them under the FLSA, individually, as a 29 U.S.C. § 216(b) collective action in order to remedy the sweeping practices which Defendant has integrated into its time tracking and payroll policies and which have deprived Plaintiff and Class Members of their lawfully-earned wages.

9. In addition, Plaintiff and Class Members were required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendant was aware that Plaintiff and Class members performed this work, but failed to pay them at the applicable overtime and hourly rate. This practice likewise violates the FLSA.

## SUBJECT MATTER JURISDICTION AND VENUE

10. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*

11. Venue is proper in the Southern District of Texas because Defendant operates multiple facilities in this district and because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

12. Plaintiff Sandra Kim is an individual residing in Galveston County, Texas. Ms. Kim was employed as a nurse by Defendant in Galveston, Texas at the UTMB John Sealy Hospital and UTMB Jennie Sealy Hospital from approximately September 2010 to April 2017. Ms. Kim's written consent form to this action is attached hereto as Exhibit "A" and is incorporated herein.

13. Class Members are all of Defendant's current and former hourly-paid nurses meeting the definitions in paragraph 6 above

14. Defendant, The University of Texas Medical Branch, is a component of The University of Texas System and the University of Texas. UTMB may be served with process herein by serving the President of The University of Texas Medical Branch at Galveston, David L. Callender, at the Office of the President, University of Texas Medical Branch at Galveston, 301 University Blvd., Suite 6.100 Administration Bldg., Galveston, Texas 77555, or the Board of Regents of the University of Texas System, 201 W. 7th St., Austin, Texas 78701.

## FLSA COVERAGE

15. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

16. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

17. Plaintiff and Class Members are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

18. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant

has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

20. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are medical care staff engaged in interstate commerce. Further, Defendant itself is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes patients' credit cards with banks in other states.

21. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

22. Defendant operates a chain of hospitals that provide healthcare services. Defendant's network of hospital facilities is located in the following Texas cities: Galveston, League City, and Angleton. Defendant's hospital facilities operating in these cities include the following:

    a. Emergency Room-UTMB Health Galveston Campus (Galveston),

    b. UTMB Jennie Sealy Hospital (Galveston),

    c. UTMB John Sealy Hospital (Galveston),

    d. UTMB Children's Hospital (Galveston),

    e. Emergency Room-UTMB Health League City Campus (League City),

    f. UTMB League City Campus Hospital (League City),

    g. Emergency Room-UTMB Health Angleton Danbury Campus (Angleton), and

    h. UTMB Angleton Danbury Hospital (Angleton).

Defendant employs over 12,000 people, including the Class Members, across its numerous Texas

facilities.

## Defendant's Payroll Policy for Meal Periods

23. During the last three years, Defendant established different payroll policies, none of which appropriately compensated hourly-paid nurses for work performed during their meal periods, subjecting them to interruptions and requiring them to remain on duty during those meal periods.

24. These policies apply to all hourly-paid, non-exempt nurses who are responsible for direct patient care.

25. Prior to May 2016, Defendant required its non-exempt nurses to clock in at the beginning and end of their shifts; however, Defendant does *not* require its employees to clock out at the beginning of their meal period or clock back in at the end of their meal period. Instead, Defendant automatically deducted 30 minutes for meal time for each shift worked by non-exempt nurses.

26. In or around May 2016 until present, Defendant changed its policies and procedures so that non-exempt nurses had to clock in and out at meal times. However, Defendant failed in instituting this policy, such that non-exempt nurses continued to work during meal times without appropriate compensation.

27. These payroll policies apply to non-exempt **nurses** at the following UTMB locations:

   i. Emergency Room-UTMB Health Galveston Campus (Galveston),

   j. UTMB Jennie Sealy Hospital (Galveston),

   k. UTMB John Sealy Hospital (Galveston),

   l. UTMB Children's Hospital (Galveston),

m. Emergency Room-UTMB Health League City Campus (League City),

n. UTMB League City Campus Hospital (League City),

o. Emergency Room-UTMB Health Angleton Danbury Campus (Angleton), and

p. UTMB Angleton Danbury Hospital (Angleton).

28. Defendant requires nurses to carry a volt phone with them during their shifts so that they may receive calls/requests from their patients and hospital personnel. Nurses are required to respond to these calls. This policy applies to hourly-paid nurses at the following UTMB locations:

a. Emergency Room-UTMB Health Galveston Campus (Galveston),

b. UTMB Jennie Sealy Hospital (Galveston),

c. UTMB John Sealy Hospital (Galveston),

d. UTMB Children's Hospital (Galveston),

e. Emergency Room-UTMB Health League City Campus (League City),

f. UTMB League City Campus Hospital (League City),

g. Emergency Room-UTMB Health Angleton Danbury Campus (Angleton), and

h. UTMB Angleton Danbury Hospital (Angleton).

29. In practice, both before and after May 2016, nurses involved in direct patient care could not take a 30- minute uninterrupted and bona fide meal break due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal break, they remain on duty in that they are required to respond to calls from their patients, the normal demands of the job, and otherwise respond to emergencies.

30. Plaintiff has been employed by Defendant as a nurse over the last six (6) years. As a nurse, Plaintiff's primary responsibilities included: providing patient care and monitoring; administering medicine to patients; interacting with other hospital employees and visitors;

7

monitoring blood-work and patient test results; and responding to emergency situations. Plaintiff worked over 40 hours in at least one work week over the past three years. Plaintiff was subjected to Defendant's time, pay, meal break, and overtime policies and practices. She routinely performed work during her entire shift, was subject to interruptions during any attempted meal break, in fact, was interrupted on a regular basis, performed work with Defendant's knowledge, and was denied pay for the time she spent engaged in this work.

31. FLSA Class Members were employed by Defendant and performed work materially similar to Plaintiff.

32. Plaintiff and FLSA Class Members reported to a hospital facility owned, operated, or managed by Defendant to perform their jobs.

33. Plaintiff and FLSA Class Members performed their jobs under Defendant's supervision, using materials and technology approved and supplied by Defendant.

34. Plaintiff and FLSA Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

35. At the end of each pay period, Plaintiff and Class Members received wages from Defendant that were determined by common systems and methods that Defendant selected and controlled.

36. Defendant paid Plaintiff an hourly rate.

37. Defendant paid FLSA Class Members an hourly rate.

38. Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

39. Each FLSA Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

40. When Plaintiff and Class Members worked more than forty hours in a workweek, Defendant did not pay them one and one-half times their regular hourly rate due to their automatic deduction of 30 minutes for phantom meal periods. These 30-minute intervals of unpaid time are compensable under the FLSA because (1) Plaintiff and FLSA Class members were not completely relieved of their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, or (3) they entirely skipped the meal period due to work demands.

41. Throughout the relevant period, Defendant expected and required Plaintiff and Class Members to be available to work during their entire shifts, even during any attempted meal breaks. These 30-minute intervals of deducted time constitute compensable time under the state law because (1) Defendant breached an agreement with Plaintiff and Class Members by not paying them the agreed hourly rate for all hours worked, or, in the alternative, (2) Defendant received and accepted the value of Plaintiff and Class Members' unpaid work with reasonable notice that Plaintiff and Class Members expected to be paid for all hours worked, or (3) Defendant has been unjustly enriched by receiving the benefit of Plaintiff's unpaid work.

42. Defendant has employed at least 50 people meeting the definition of FLSA and Class Members in this Complaint during the three-year period before this lawsuit was filed.

43. Defendant classifies Plaintiff as non-exempt from overtime pay.

44. Defendant classifies all FLSA and Class Members as defined in this Complaint as non-exempt from overtime pay.

45. Defendant's method of paying Plaintiff and Class Members was willful, and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b)

on behalf of herself and all employees meeting the FLSA Class definition in paragraph 6 above. Defendant has not compensated these employees for the unpaid meal breaks as described above.

47. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by FLSA Class Members.

48. Plaintiff has actual knowledge that FLSA Class Members have been denied compensation for time worked, including for meal breaks worked or interrupted. In addition, Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so together with a clear statement that doing so would not result in termination or other forms of retaliation by Defendant.

49. Plaintiff is similarly situated to FLSA Class Members. Like Plaintiff, Defendant subjected FLSA Class Members to its common practice, policy, or plan of refusing to pay overtime for all work performed, in clear violation of the FLSA.

50. Other nurses, similarly situated to Plaintiff, work or have worked for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands.

51. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40) for meal breaks that were interrupted due to work demands.

52. FLSA Class Members perform or have performed the same or similar work as

Plaintiff involving direct patient care.

53. FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

54. FLSA Class Members are not exempt from receiving overtime compensation under the FLSA.

55. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

56. Although Plaintiff and FLSA Class Members may have different job titles and/or work in different hospital facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period:

   a. Defendant maintained common scheduling systems and policies with respect to Plaintiff and FLSA Class Members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and FLSA Class Members;

   b. Defendant maintained common timekeeping systems and policies with respect to Plaintiff and FLSA Class Members;

   c. Defendant maintained common payroll systems and policies with respect to Plaintiff and FLSA Class Members, controlled the payroll systems and policies applied to Plaintiff and FLSA Class Members and set the pay rate assigned to Plaintiff and FLSA Class Members; and

   d. Defendant controlled the meal break work policies and practices at issue in the

litigation and had the ability to deprive Plaintiff and FLSA Class Members of wages owed for meal break work they performed.

57. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

58. FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted or missed meal breaks.

59. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated, summed, and allocated based on a simple formula.

60. Plaintiff and FLSA Class Members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members. Defendant had a plan, policy or practice of not paying Plaintiff and FLSA Class Members for interrupted or missed meal breaks.

61. As such, the class of similarly situated Plaintiffs is properly defined as stated above in paragraph 6.

62. Plaintiff estimates that the FLSA Class, including both current and former employees over the relevant period, will include more than 1,500 people. The precise number of FLSA Class Members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Class Members of

the collective action are discoverable from Defendant. Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, e-mail and other modes of notice similar to those customarily used in representative actions.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207 FAILURE TO PAY OVERTIME COMPENSATION (COLLECTIVE ACTION)

63. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

64. Plaintiff and FLSA Class Members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

65. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

66. Throughout the relevant period, Defendant expected and required Plaintiff and FLSA Class Members to be available to work during their promised meal breaks.

67. Plaintiff and FLSA Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

68. Defendant cannot satisfy its burden of proof to demonstrate Plaintiff and FLSA Class members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

69. Further, Defendant cannot satisfy its burden of proof to demonstrate Plaintiff and FLSA Class members received a bona fide meal period for every 30 minutes they were clocked out of the Defendant's payroll system.

70. Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff and FLSA Class Members under 29 U.S.C. § 207 as non-exempt employees. Because of these

violations, Plaintiff and FLSA Class Members have suffered a loss of wages.

71. Defendant's failure to pay overtime to Plaintiff and FLSA Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT TWO: VIOLATION OF 29 U.S.C. § 207
## FAILURE TO PAY OVERTIME COMPENSATION FOR "OFF THE CLOCK" WORK

72. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

73. Throughout the relevant period, Defendant suffered and/or permitted Plaintiff to work additional time outside of her shift for work-related tasks. These tasks include, but are not limited to, checking on patients, locating and gathering equipment and supplies, responding to emergencies, and reviewing or completing charting.

74. Plaintiff was actively discouraged from logging time outside the parameters set by Defendant. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of her scheduled shift.

75. Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiff performed work for which she was not compensated. Defendant's policies and practices favored Defendant at the expense of Plaintiff.

76. Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff for "off the clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff has suffered a wage loss in weeks where the total time worked (logged and unlogged) exceeded forty hours.

77. Defendant's failure to pay overtime to Plaintiff, in violation of the FLSA, was

willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## DAMAGES SOUGHT

78. Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

79. Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

80. Plaintiff and FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

81. Plaintiff hereby requests a trial by jury.

## PRAYER

82. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

   b. An order finding that Defendant violated the FLSA;

   c. An order finding that these violations were willful;

   d. All unpaid wages;

   e. An equal amount as liquidated damages as allowed under the FLSA; and

   f. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA.

Respectfully submitted,

 /s/ Brian B. Winegar
Brian B. Winegar
State Bar No. 24081218
1811 Bering Dr., Suite 300
Houston, TX 77057
Telephone: (281) 719-9312
Facsimile: (281) 719-9307
Email: brian@thebuckleylawgroup.com

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF AND CLASS MEMEBERS**

**OF COUNSEL:**

**THE BUCKLEY LAW GROUP**

Helen Ono West
State Bar No. 24102305
1811 Bering Dr., Suite 300
Houston, TX 77057
Telephone: (281) 719-9312
Facsimile: (281) 719-9307
Email: helen@thebuckleylawgroup.com